IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-78,894-01






EX PARTE ISREAL LEONARDO MACIAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 804634 IN THE 339TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized crime and was sentenced to three years' incarceration. There was no direct appeal.

 Applicant claims that his guilty plea was involuntary due to the ineffective assistance of his
trial counsel. He alleges counsel failed to admonish him of the consequences of his guilty plea in
accordance with the United States Supreme Court's decision in Padilla v. Kentucky, 559 U.S. ___,
130 S.Ct. 1473 (2010). Strickland v. Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). There is no response from trial counsel in the record
provided to this Court. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. 

 The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance and detail what advice, if any, was given in this case regarding immigration consequences.
To obtain the response, the trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court may make further findings of fact and conclusions of law regarding the claim,
and the trial court may also make any other findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: February 6, 2013

Do not publish